■ In the Matter of DENISE R. (ANONYMOUS), Appellant, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* (1) to annul a determination of respondent Commissioner of the New York State Department of Social Services, dated April 9, 1973, made after a statutory fair hearing, which affirmed a determination of the New York City Department of Social Services (the Agency) denying petitioner's application for public assistance in obtaining a transsexual operation, and (2) to compel payment for the operation, petitioner appeals, as limited by petitioner's brief, from so much of a judgment of the Supreme Court, Kings County, entered March 28, 1974, as dismissed the petition. Judgment reversed insofar as appealed from, on the law, with $20 costs and disbursements, petition granted and determinations of both respondents annulled. Respondents are directed to grant petitioner's application for medical assistance pursuant to subdivision 2 of section 365-a of the Social Services Law. Petitioner, Denise R., is a 41-year old genetic male, who has been living and working as a female for the past 16 years. Petitioner applied for public assistance for the purpose of obtaining a sex conversion operation. The application was denied by the Agency. Petitioner then requested a " fair hearing " to review that determination. At the hearing, the Agency presented a letter from the director of its health care services division to petitioner's doctor which stated: " This is to inform you that your request for Trans-sexual Surgery for above patient is disapproved on a medical basis." Petitioner, since January, 1971 and in anticipation of the surgery, has been on hormonal therapy, under medical care, to assist in the development of female characteristics. The evidence further indicated that petitioner was a true transsexual for whom surgery was recommended. The " medical basis " denial of petitioner's application appears to be without substance, as the Agency offered no independent medical evidence and its representative at the " fair hearing " admitted that it had never made a medical examination of petitioner. In the absence of other medical evidence to define and support the term " medical basis ", the determinations of respondents lack a rational foundation and, therefore, their denial of medical assistance was arbitrary and capricious. Subdivision 2 of section 365-a of the Social Services Law provides, *inter alia*: " 2. ' Medical Assistance ' shall mean payment of part or all of the cost of care, services and supplies which are necessary to prevent, diagnose, correct or cure conditions in the person that cause acute suffering, endanger life, result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap ". The psychiatric evidence established that petitioner was suffering from " severe psychopathology ". The statute does not restrict medical assistance to purely physical problems. The evidence at the " fair hearing " clearly established that petitioner satisfied more than one of the statutory criteria to receive medical assistance in obtaining the operation (cf. *Ferro* v. *Lavine,* 79 Misc 2d 431; *Matter of Clink* v. *Lavine,* 79 Misc 2d

421). Gulotta, P. J., Hopkins and Martuscello, JJ., concur; Latham, J., dissents and votes to affirm the judgment, with the following memorandum: The judgment should be affirmed. It seems clear that the agency was not arbitrary but rather acted on a rational basis. The law does not permit the court to substitute its own judgment for that of an administrative body. The Legislature certainly never intended to authorize the payment of substantial public funds for the dubious sex change operation here in question. The majority decision will, I fear, open the door to an inconceivable variety of claims by persons who are frustrated, depressed, or cosmetically impaired. Such claims were never within the contemplation of the lawmakers.